IN THE UNITED STATED BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 20-70295 |
| **FATIH OZCELEBI,** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | CHAPTER 7 |

## MEMORANDUM OPINON

Fatih Ozcelebi would have this Court alter or amend its April 1, 2022 order converting the instant case from one under chapter 11, subchapter V to one under chapter 7 and remove the findings at issue from its Memorandum Opinion on which its criminal referral to the United States attorney was based. After considering the pleadings on file and the applicable law, the Court denies such request.

### I. BACKGROUND

On April 15, 2022, "Debtor Fatih Ozcelebi's Motion to Alter or Amend the Judgment and for a New Trial"[1] ("*Motion*") was filed. On April 29, 2022, "Chowdary's Objection to Debtor Faith Ozcelebi's Motion to Alter or Amend the Judgment and for New Trial"[2] ("*Chowdary's Objection*") was filed by Dr. K.V. Chowdary, M.D., individually and doing business as Valley Gastroenterology Clinic, P.A., and Valley Gastroenterology, Clinic, P.A. On May 6, 2022, the "Objection of the United States Trustee to Debtor's Motion to Alter or Amend the Judgment and for New Trial"[3] ("*UST's Objection*") was filed.

### II. JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY

---

[1] ECF No. 373.
[2] ECF No. 385.
[3] ECF No. 387.

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11 or arising in or related to cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[4] This proceeding is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A), and (O), as it primarily concerns reconsideration of this Court's prior Order converting Debtor's bankruptcy case from one under chapter 11 to one under chapter 7. Because this is a core matter, the Supreme Court's holding in *Stern v. Marshall*[5] is not applicable, and this Court holds constitutional authority to enter a final order with respect to the core matter at bar. Finally, venue is governed by 28 U.S.C. §§ 1408 and 1409. Here, venue is proper because the Court is presiding over the underlying bankruptcy case, and Debtor resides in the McAllen Division.[6]

### III.   BACKGROUND

On December 6, 2021, the United States Trustee ("*UST*") filed its "Motion of the United States Trustee to Covert Case" ("*Motion to Convert*").[7] Dr. K.V. Chowdary, M.D., individually and doing business as Valley Gastroenterology Clinic, P.A., and Valley Gastroenterology Clinic, P.A. ("*Chowdary*") joined the UST's Motion to Convert.[8] The Court held a hearing on the Motion to Convert on January 5, 2022.

In its April 1, 2022 Memorandum Opinion and Order, this Court made extensive factual findings and conclusions of law, which compelled conversion of Debtor Fatih Ozcelebi's case from one under chapter 11, subchapter V to one under chapter 7.[9] This Court also found that based

---

[4] 28 U.S.C. § 157(a); *see also* In re Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).
[5] 564 U.S. 462 (2011)
[6] ECF No. 1.
[7] ECF No. 296.
[8] ECF No. 321.
[9] ECF Nos. 356, 357.

on those findings, it was obligated by 18 U.S.C. § 3057 to make a criminal referral to the appropriate United States attorney.[10] Debtor now asks this Court to alter or amend its Order pursuant to Federal Rule of Civil Procedure 59(e), applicable here pursuant to Federal Rule of Bankruptcy Procedure 9023, and to order a new trial pursuant to Rule 59, applicable here pursuant to Bankruptcy Rule 9023.[11] The UST and Chowdary objected to Debtor's request.[12]

### IV. ANALYSIS

The narrow purpose of Rule 59(e) is to allow a party to correct manifest errors of law or fact, to present newly discovered evidence, or upon the court's discretion, to grant a new trial to prevent an injustice.[13] A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.[14] Rule 59(e) is an "extraordinary remedy that should be used sparingly."[15]

Debtor does not contest conversion, but rather specific findings of fact made by this Court.[16] Debtor requests that this Court alter or amend its Memorandum Opinion and Order, grant a new hearing with respect to the issues raised by Debtor's Motion, and remove the findings at issue from its Memorandum Opinion on which this Court's criminal referral to the United States attorney was based.[17]

Debtor moves this Court to alter or amend its Order and grant a new hearing based on three grounds: (1) that Debtor is able to substantiate the $22,698.58 unaccounted for in his monthly operating reports ("*MORs*"); (2) that Debtor was not given the opportunity to present irrefutable

---

[10] ECF Nos. 356, 357.
[11] ECF No. 373 at 2, ¶ 1.
[12] ECF Nos. 385, 387.
[13] *Trevino v. Select Portfolio Servicing, Inc. (In re Trevino)*, 2019 Bankr. LEXIS 1776, at *5 (Bankr. S.D. Tex. June 7, 2019).
[14] *Id.*
[15] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).
[16] *Id.* at 10–11, ¶ 29.
[17] ECF No. 373 at 13.

evidence from recorded written minutes of the annual meetings for Fatih Ozcelebi MD Management LLC disproving this Court's conclusion that Debtor had a membership interest in that company that should have been deduced from an allegedly outdated and incorrect 2017 Franchise Tax Report offered by the UST and admitted into the record; and (3) that this Court determined that payments of trust funds to Debtor's counsel were inappropriate because those funds "could have been" property of the estate, without notice and a hearing, which deprived Debtor of the opportunity to prove facts and set forth relevant case law regarding payments to counsel.[18]  The Court addresses each in turn.

## A. Bases for Altering or Amending this Court's Order and Ordering a New Trial

### 1. The unaccounted for $22,698.58

Debtor asks this Court to alter its finding that $22,698.58 of money withdrawn from the DIP account was unaccounted for based on a post-hearing affidavit by Debtor's accountant, Ying "Tania" Han ("*Ms. Han*") and over 400 pages of receipts over the lifetime of Debtor's bankruptcy case.[19]  At the January 5, 2022 hearing on the UST's Motion to Convert, Debtor repeatedly blamed others, including his accountant, for mistakes made on his MORs.[20]  No documentary evidence was introduced at the hearing demonstrating that Ms. Han made a mistake.  Her alleged mistake was first brought to his Court's attention when Debtor filed his post-hearing brief on February 9, 2022,[21] wherein Debtor claimed as he does now that Ms. Han "mistakenly recorded the payment in the account's records as a payment to Catherine Curtis, Subchapter V Trustee."[22]  Yet, Debtor did not attach any evidence to his post-hearing brief on February 9, 2022 to substantiate that claim.  Debtor should have offered Ms. Han's affidavit before this court entered its final order on April 1,

---

[18] ECF No. 373 at 2–3, ¶¶ 2–4.
[19] *Id.* at 8–9, ¶ 23.
[20] ECF No. 356 at 32.
[21] ECF No. 351.
[22] ECF No. 373 at 9, ¶ 24.  *See also* ECF No. 351 at 27–28, ¶ 73.

2022. Offering evidence now that could have been offered before this Court entered its final order is not appropriate under Rule 59(e).

Nevertheless, this Court found in its Memorandum Opinion that even if mistakes were made by Debtor's accountant or his attorney, Debtor swore to and affixed his signature on each MOR and that his reliance on others did not relieve him of the diligence required to ensure this Court that his sworn statements remain true.[23] Nothing about an affidavit by Ms. Han changes this Court's finding that even if the mistake was made by her, Debtor and Debtor alone was responsible for the truth and accuracy of his MORs.

With respect to the 400 plus pages of receipts, Debtor asserts that he "had provided all of the receipts to Ms. Han prior to filing of the operating report and prior to the hearing before this Court."[24] If Debtor had those receipts prior to the hearing, then they are not new evidence. Rule 59(e) is not the proper vehicle for rehashing evidence that could have been offered or raised before the entry of judgment. Debtor was aware that the accuracy of his MORs would be scrutinized at the January 5, 2022 hearing and had the opportunity to bring forth all the evidence necessary to defend himself.[25] Despite the availability of the evidence now presented, Debtor did not bring it forth at the hearing or in his post-hearing brief before this Court entered its final Order.

Accordingly, Debtor's request that this Court alter or amend its judgment and grant him a new trial based on an affidavit from Ms. Han and hundreds of pages of receipts is denied.

### 2. Recorded written minutes of annual meeting for Fatih Ozcelebi MD Management LLC

Debtor asserts that this Court mistakenly concluded that Debtor held a membership interest in Fatih Ozcelebi MD Management LLC and that Debtor has written meeting minutes from the

---

[23] ECF No. 356 at 32–33.
[24] ECF No. 373 at 10, ¶ 26.
[25] *See* ECF No. 296.

company's annual meeting conclusively proving that Debtor never had a membership interest in that company.[26] The annual meeting minutes offered by Debtor are dated January 20, 2017, meaning Debtor had access to those minutes before this Court entered its final order on April 1, 2022. Debtor did not offer those minutes to controvert the 2017 Franchise Tax Report, despite its admission at a prior hearing on November 29, 2022. Debtor was aware that the 2017 Franchise was in evidence and cannot now use Rule 59(e) as a vehicle to offer a document that should have been offered before this Court entered its final order in an effort to persuade this Court to alter or amend its final Order.

Accordingly, Debtor's request that this Court alter or amend its judgment and grant him a new trial based on annual meeting minutes from January 2017 for Fatih Ozcelebi MD Management LLC is denied.

### 3. Trust funds

Lastly, Debtor argues that this Court improperly *sua sponte* determined that it was not proper for the Trusts, of which Debtor is a beneficiary, to pay certain administrative expenses because in doing so, the Court necessarily determined that the trust funds were property of the estate.[27] As pointed out by the UST in its Objection, the Court did not find that the trust funds were property of the estate. Rather, this Court held that:

> Second, although Chamberlain's fees were allowed by this Court pursuant to § 503, those fees should not have been paid by Lyra on Debtor's behalf '[p]ursuant to paragraph 6 of the Debtor's Amended Subchapter V Plan of Reorganization' because Debtor's Plan has not been confirmed and *there has been no determination as to whether Debtor's interest in Lyra is property of the estate*. It was improper for Debtor to perform under an unconfirmed plan to the detriment of his creditors.[28]

---

[26] ECF No. 373 at 11, ¶¶ 31–32.
[27] *Id.* at 12, ¶ 33.
[28] ECF No. 356 at 76–77 (emphasis added).

Accordingly, Debtor's request that this Court alter or amend its judgment and grant him a new trial based on Lyra's payment to Debtor's attorney is denied.

## B. This Court's Criminal Referral

Debtor asserts that based on the reasons raised in his Motion, this Court should reverse its criminal referral because Debtor was not intentionally dishonest.[29] In part, Debtor ascribes this Court's credibility determination on this Court's failure to note that "Debtor is originally from Turkey and English is his second language."[30] Debtor argues that his "language barrier explains most if not all of the situations where the Court perceives Debtor as being dishonest."[31]

This case has been ongoing since October 2020.[32] Debtor has provided testimony at numerous hearings before this Court.[33] Never once has Debtor or his counsel requested the assistance of an interpreter or expressed that Debtor's English proficiency inhibited his ability to effectively and fully participate in the proceedings before this Court. Additionally, Debtor is a medical doctor who has operated a medical practice in Texas for nearly two decades. Lastly, Debtor's alleged language barrier does not explain the instances where Debtor blatantly lied such as when he testified that he was unaware his children were receiving disbursements from the trusts for their expenses.[34] Debtor's assertion that he has a language barrier that more likely explains this Court's credibility determination than Debtor's actual dishonesty is disingenuous.

Debtor's Motion addresses only three findings of this Court. This Court's April 1, 2022 Memorandum Opinion made extensive factual findings painstakingly detailing numerous issues with Debtor's schedules, his MORs, and his overall conduct in this case. Even if this Court altered

---

[29] ECF No. 373 at 13, ¶ 37.
[30] ECF No. 373 at 4, ¶ 8.
[31] *Id.*
[32] ECF No. 1.
[33] See Min. Entries from November 11, 2020; December 22, 2020; January 14, 2021; September 7, 2021; October 12, 2021; November 29, 2021; January 5, 2022.
[34] ECF No. 356 at 75.

or amended its Order and ordered a new trial as Debtor requests, that would not undue the numerous other findings that underlie this Court's criminal referral.

Accordingly, Debtor's request that this Court reverse its criminal referral is denied.

### IV.     CONCLUSION

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED May 16, 2022

_____
Eduardo Rodriguez
United States Bankruptcy Judge